IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARLO D. YOUNG, | ) |
|     Petitioner, | ) ) ) |
| vs. | )   Case No. 3:25-cv-1161-DWD |
| THOMAS LILLARD, Warden, | ) ) ) |
|     Respondent. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Petitioner, an inmate at Greenville FCI, filed a Petition for a Writ of Habeas Corpus (Doc. 1) under 28 U.S.C. § 2241. The Petition is now before the Court for a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts.[1] That rule states: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts; *accord Mayle v. Felix*, 545 U.S. 644, 663 (2005).

Petitioner indicates, in 2019, she was convicted and sentenced in the United States District Court for the Southern District of Texas. (Doc. 1, pg. 1). Pursuant to four similarly alleged grounds for relief, she is "[c]hallenging the calculation and release to pre-release

---

[1] Rule 1(b) of the Rules Governing Section 2254 Cases in the U.S. District Courts states, "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." Therefore, although the Petition is filed under § 2241 and involves a federal conviction and federal custody, the Rules Governing Section 2254 Cases in the United States District Courts may be applied. *See Hudson v. Helman*, 948 F. Supp. 810 (C.D. Ill. 1996) (citing *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985)).

custody of earned federal time credits." (Doc. 1, pgs. 2, 6-7). In the Petition, Petitioner describes certain appeals that were taken, but denied, in the administrative process. (Doc. 1, pgs. 2-3). Petitioner suggests an accurate calculation of credits will result in her immediate release from custody. (Doc. 1, pg. 7).

Here, given the limited record available at this time, it does not "plainly appear[]" from the petition" that Petitioner is entitled to no habeas relief. *See* Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts; *accord Mayle*, 545 U.S. at 663. Accordingly, without commenting on the merits of Petitioner's four alleged grounds for relief, the Court **FINDS** the Petition survives a Rule 4 preliminary review. Respondent is **DIRECTED** to file an answer or other pleading by **July 14, 2025**. Petitioner then has until **August 13, 2025**, to file a Reply. This Memorandum & Order does not preclude Respondent from raising any objection or defense to the Petition. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service. Petitioner is **ADVISED** of the obligation to keep the Clerk of the Court and Respondent apprised of changes in her address. She shall notify the Clerk of the Court and Respondent of any change of address, in writing, within 14 days. The failure to do so could result in a dismissal. *See* Fed. R. Civ. P. 41(b).

**SO ORDERED.**

Dated: June 6, 2025

*s/ David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge